FILED

02/14/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0751

DA 15-0751

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 28N

IN THE MATTER OF:

J.S.,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DI 11-71
Honorable Michael G. Moses, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Carolynn M. Fagan, Fagan Law Office, P.C., Missoula, Montana

      For Appellee:

      Timothy C. Fox, Montana Attorney General, Mardell Ployhar, Assistant
Attorney General, Helena, Montana

      Scott D. Twito, Yellowstone County Attorney, Mark English, Deputy
County Attorney, Billings, Montana

Submitted on Briefs:  January 4, 2017

Decided:  February 14, 2017

Filed:

                                     _____
                                         Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     J.S. has a history of mental illness. Between October 2011 and May 2012, in response to petitions by the Yellowstone County Attorney's office, J.S., a widowed homeless person, was committed on two occasions to Montana State Hospital (MSH) for evaluation and treatment. For both commitments, the medical documentation attached to the petitions indicated that J.S. suffered from depression and was both suicidal and homicidal.

¶3     On November 10, 2015, the Yellowstone County Attorney filed another petition to commit J.S involuntarily. Following a hearing on November 16, 2015, at which J.S. and his Billings Clinic physician testified, the District Court found that J.S. suffered from bipolar disorder, post-traumatic stress disorder, anti-social personality disorder, and possibly schizoaffective disorder. J.S. does not dispute his diagnosis nor the severity of his mental condition. The court further found, based upon the testimony of the Billings Clinic treating physician, that upon presenting himself at the Clinic, J.S. "was suicidal, homicidal, psychotic, hostile and threatening." The court noted that following his admission to the Clinic, J.S. refused medications and remained "suicidal, homicidal,

2

psychotic, hostile and threatening," resulting in the Clinic requesting the Yellowstone County Attorney to file a petition for commitment. In its November 16 order, the District Court concluded that the requirements of § 53-21-126, MCA, had been met. The court ordered J.S. to be committed to MSH for not more than three months of inpatient care, forced medications, and long-term treatment.

¶4 J.S. was scheduled to be discharged from MSH on December 14, 2015, and on this day, through counsel, J.S. filed a Notice of Appeal with this Court challenging the District Court's November 16 Findings of Fact, Conclusions of Law and Order. We affirm.

¶5 J.S. argues on appeal that the State failed to prove beyond a reasonable doubt that he posed an imminent threat to himself or others. He claims that the "vague statements" he made to the physicians about hurting himself and others were insufficient to satisfy the requirements of § 53-21-126(2), MCA. The State counters that the District Court's findings of fact upon which it granted the petition for commitment were supported by substantial evidence and are not clearly erroneous.

¶6 We review a district court's civil commitment order to determine whether the court's findings of fact are clearly erroneous and its conclusions of law correct. *In re C.V.*, 2016 MT 307, ¶ 15, 385 Mont. 429, 384 P.3d 1048.

¶7 Section 53-21-126(2), MCA, requires "[i]mminent threat of self-inflicted injury or injury to others" to be "proved by overt acts or omissions, sufficiently recent in time as to be material and relevant as to the respondent's present condition." In this case, J.S.'s treating physician with the Billings Clinic submitted a written report stating that on

3

November 9, 2015, J.S. presented himself to the emergency doctor at the Billings Clinic stating that he felt like "he was going to go off on somebody," and that he wanted to kill security guards. He further claimed that he had thoughts of killing himself by jumping in front of a train and that if he left the Clinic he "will be suicidal."

¶8 These statements, made just seven days prior to commitment to MSH, and after refusal of medications and continued symptoms of psychosis, hostility, and threatening behavior, are sufficient in time and relevance to reflect J.S.'s condition at the time of commitment. As we have stated previously, "[T]he law does not require proof beyond a reasonable doubt that an injury will occur in the future. Threat is not certainty. The law requires only proof beyond a reasonable doubt that the threat of future injury presently exists and that the threat is imminent, that is, impending, likely to occur at any moment." *In re S.L.*, 2014 MT 317, ¶ 31, 377 Mont. 223, 339 P.3d 73; *In re B.D.*, 2015 MT 339, ¶ 11, 381 Mont. 505, 362 P.3d 636.

¶9 We acknowledge that, at his hearing, J.S. denied making such comments; however, it is within the District Court's broad discretion to determine the credibility of witnesses and the weight to be afforded their testimony. M. R. Civ. P. 52(a); *In re E.A.L.,* 2015 MT 203, ¶ 11, 380 Mont. 129, 353 P.3d 1186. The court believed the physician's testimony was more credible than J.S.'s. There is substantial credible evidence to support the District Court's findings.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion

of this Court, the District Court's findings of fact are not clearly erroneous, its conclusions were not incorrect, and its ruling was not an abuse of discretion.

¶11    Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE